**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **QUEEN OBIOMA individually & as Next Friend of SHARON ABUOMA OBIOMA AND EDEN AKUAMARA OBIOMA (Minor Children) Plaintiff,** | § § § § § | |
| **V.** | § § | **CIVIL ACTION NO. _______________** |
| **UNITED AIRLINES, INC. Defendant.** | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, QUEEN OBIOMA, ("Ms. Obioma" or "Plaintiff"), on behalf of herself and her minor children, bring this civil rights action pursuant to 42 U.S.C. §1981 against Defendant, UNITED AIRLINES, INC., ("United") for racial discrimination, denial of freedom and equality, negligence and for intentional infliction of emotional distress.

I.

**PARTIES**

Plaintiff, QUEEN OBIOMA is a natural person who is and has been, at all relevant times, an African female and a citizen of Nigeria.

Defendant UNITED AIRLINES, INC., is an entity organized and existing pursuant to the laws of the State of Texas. It is headquartered in and/or has its principal place of business in Chicago, Illinois, but availed itself of the benefits of doing business in Texas. It may be served with process through its registered agent, CT Corporation, at 1999 Bryan Street Suite 900, Dallas, Texas 75201-3136.

II.

## JURISDICTION

This court has federal question subject matter jurisdiction pursuant to 28 U.S.C § 1331, 1333, as the claims averred herein arise out of civil rights violations arising under the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 42 U.S.C. § 2000(d), which prohibits racial discrimination. This Court also has subject matter jurisdiction pursuant to U.S.C. §1332(a)(2) because the suit is between a citizen of a u. s. state and a citizen of a foreign state and the amount in controversy exceeds $75,000.00 excluding interest and costs.

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims in this action because they form the same case and controversy as the federal claims and arise out of the same events - United Airline's discrimination against Plaintiff in removing her and her children from United's flight.

III.

## VENUE

Venue is proper in this district under 28 U.S.C. §1391(a)(2)/ §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

IV.

## CONDITIONS PRECEDENT

All conditions precedent to the institution of this lawsuit have been performed or have occurred.

V.

**STATEMENT OF FACTS**

(a) On March 4, 2016, Plaintiff, Ms. Obioma, an African female from Nigeria (racial minority) and her two (2) minor children who are Star Alliance members of Defendant's airline, were passengers aboard Defendant, United Airlines' Flight 404 from Houston (IAH) to San Francisco (SFO). Their contracted itinerary schedule was for Lagos-Houston-San Francisco-Ontario. Ms. Obioma and her children arrived Houston at 5.00 a.m. on March 4th, 2016 and boarded flight 404 at 7.25 a.m. Plaintiff's children sat in their allocated seats in economy class cabin. Plaintiff proceeded to take her allocated seat in the business class cabin.

(b) When Plaintiff located her assigned seat (4K), it was occupied by a white male. She politely informed the white male that he was occupying her assigned seat but he ignored her. Plaintiff called the attention of an air hostess nearby who told said white male to relocate to his seat (4J) but he refused. The airhostess pleaded with plaintiff to seat in 4J instead and plaintiff accepted and sat there.

(c) As Plaintiff placed her carryon luggage in the overhead compartment, she saw the white male stand up and go into the pilot's cabin (the cockpit). Afterwards, plaintiff used the restroom. When Plaintiff was returning from using the restroom, she saw the same white male standing in the aisle, blocking Plaintiff passage to her seat. Plaintiff said "excuse me" three times but the white male continued to block the aisle and deny plaintiff access to her seat. Plaintiff stood there for several minutes until the white male moved slightly, and Plaintiff squeezed her way through to her seat.

(d) Ms. Obioma had barely sat down when Defendant's agent, Mr. Russell H. approached Plaintiff, and ordered her out of the aircraft stating that her attention was required

because someone was waiting to speak with her outside the aircraft. Ms. Obioma followed immediately as Defendant's agent led her out of the aircraft.

(e) Outside the aircraft, another male staff of Defendant informed Ms. Obioma that she would not be traveling with the aircraft. Ms. Obioma showed him her boarding pass and that was when Mr. Russell H. responded stating that the pilot personally requested that Ms. Obioma be ejected from the aircraft because the white man sitting around her in the business class cabin was not comfortable flying with her because she was "pungent." Ms. Obioma asked Mr. Russell H. what "pungent" meant and he answered that she smelled.

(f) At that point Ms. Obioma was lost, confused and disoriented. Her mind went blank and she was utterly befuddled. Ms. Obioma was being discriminated against because of her race and her nationality. Ms. Obioma informed United's agents that she was taking her minor children to school for the first time in Ontario, Canada and that they had a connecting flight from San Francisco to Ontario and needed to get there in time in order to make it to their already set up appointments. Even with this knowledge, Defendant detained Plaintiff outside the aircraft and did not allow her to re-board her ticketed and contracted flight.

(g) Plaintiff reiterated to Defendant that her children were inside the aircraft and that they needed to catch a connecting flight to their destination as scheduled but Defendant still refused her entry back into the aircraft.

(h) Defendant then proceeded to remove Plaintiff's children and Plaintiff's carryon luggage, from its aircraft in front of all remaining passengers. Ms. Obioma watched her minor children matched out of the aircraft like criminals, confused and perplexed and she slumped. She sobbed uncontrollably for a long time.

(i) Despite having done nothing wrong, the United flight took off without Plaintiff

and her children. Plaintiff and her children were further delayed for five (5) additional hours before they could get a flight. Due to this delay, plaintiff missed all scheduled appointments and had to reschedule and extend her stay, incurring additional expenses.

(j) Upon information and belief, Defendant did not observe any suspicious or concerning activity and cannot claim FAA Permissive refusal authority under section 44902(b). At no time did United believe or decide that Plaintiff was or might be inimical to safety. There are no facts supporting any threat idea. The white man passenger first and then the Pilot of the aircraft simply observed that Ms. Obioma was Black, African, Nigerian, and therefore unequal to share the cabin with the white passenger and decided to remove her from the contracted flight.

(k) Defendant intentionally discriminated against Plaintiff because of her black race and Nigerian citizenship. Ms. Obioma and her children were embarrassed, humiliated, in shock, and puzzled.

(l) Defendant wrongfully singled out Ms. Obioma and her children because they were blacks and punished them publicly because a white man did not want them on the plane. A white man that refused to seat in his assigned seat even after being politely requested to take his rightfully assigned seat. A white man that obstructed the aisle to deny Plaintiff access to her seat. This harassing white passenger was not removed from the flight. He flew with the aircraft after Ms. Obioma and her minor children were deplaned.

(m) Ms. Obioma and her minor children were deprived of their contractual rights to fly based on their purchased ticket with United Airlines, seriously inconvenienced, delayed, and forced to make alternative travel arrangements to accommodate their schedule.

(n) Plaintiff contends that Defendant, through its agents intentionally racially discriminated against them by removing Ms. Obioma and her minor children from the aircraft on

the basis of her race, color, and country of origin and prevented her from enforcing a contract in violation of 42 U.S.C. §1981.

(o) Defendant's intentional discrimination against Plaintiff resulted in Plaintiff being denied equal rights and benefits, exclusion, denial of freedom and equality, negligence, intentional infliction of emotional distress, unbearable humiliation, mental anguish, and unjust treatment, Ms. Obioma and her minor children suffered trauma, stigmatization, severe mental and emotional distress, depression, embarrassment, public humiliation, damage to personal and professional reputation, anxiety, fear and apprehension associated with airports and flying, loss of appetite and insomnia. Ms. Obioma and her children are pressured to see their race as inferior to that of a white man.

VI.

## CAUSE(S) OF ACTION

### 1. *Discrimination And Denial Of Equal Rights Under The Law - 42 U.S.C §1981*

Plaintiff hereby re-pleads, re-alleges and incorporates all previous allegations of this Complaint, as if fully set forth herein.

Plaintiff is a member of a racial minority group as a black, African. and a Nigerian. At all times relevant hereto, Plaintiff, despite the race, skin, and color, had the same civil right to be treated equally in making and enforcing contracts and to be subject to the same punishments, pains, penalties, as white citizens, and to no other, pursuant to 42 U.S.C. § 1981.

Therefore when Plaintiff contracted with United, a commercial air carrier engaged in air transportation services for passage on Flight 404 from Houston to San Francisco, Plaintiff had equal right of performance, benefits, privileges, terms, and conditions of the contracts entered into. Plaintiff had the right to be treated equally and in a manner free from discrimination

pursuant to the Act.

Ms. Obioma and her minor children's rights were violated when they were denied equal treatment in making and enforcing their contract with United airlines, and was not subject to the same punishments, pains, penalties, and exclusions.

Defendant intentionally and purposefully discriminated against Plaintiff based on race when by and through United employees and agents, Ms. Obioma and her minor children were removed from the contracted flight on March 4, 2016 for no wrong but for flying while black and African.

Defendant is liable for the racially charged discriminatory conduct and actions of its agents and employees. United had no legitimate reason or justification to remove Plaintiff from the flight but for racial prejudice and insulted Plaintiff by stating that Ms. Obioma stank. Defendant did not observe any safety concerns with Plaintiff except for the fact that Ms. Obioma is African and was attempting to share a paid cabin with a white uncomfortable man who desired Plaintiff removed from the flight.

**2. *Discrimination And Denial Of Equal Rights Under The Law 42 U.S.C. § 2000(d)***

Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as fully set forth herein.

At all times relevant hereto, Plaintiff had the right to participate and enjoy the benefits of federally assisted programs and not be excluded or discriminated against based on race, color, or national origin pursuant to 42 U.S.SC. § 2000(d).

At all times relevant hereto, United was and is a commercial air carrier receiving federal assistance as it operates according to the rules and regulations of the Federal Aviation Agency and the Department of Transportation, Department of Homeland security, and works in

compliance with various other federal agencies,. United Airlines also receives federal funds via federal subsidies and therefore is subject to 42 U.S.C. § 2000(d). Defendant through and by the actions of its agents and employees violated 42 U.S.C. § 2000(d) when it deprived Plaintiff the participation and benefits of this program.

**3. Negligence**

Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as if fully set forth herein.

United is a commercial airline in the business of providing air transportation to passengers and as such, is a common carrier bound by a heightened duty of care to its passengers. Plaintiff was equally owed this duty of care as a paying, ticketed, and seated passenger of United Airlines.

United Airlines racially discriminated against Plaintiff and acted negligently, breaching its duty of care to Plaintiff in the following ways:

a. failing to act reasonably in providing a safe travel environment free from hostility and racial discrimination;

b. failing to act with the highest care and vigilance of a cautious person in providing a safe travel environment free from hostility and racial discrimination;

c. failing to establish protocols and procedures regarding co-passenger complaints;

d. failing to take reasonable care in assessing, addressing, corroborating, verifying, or even simply determining the authenticity of co-passenger complaints;

e. failing to act with the highest care and vigilance of a cautious person in assessing, addressing, corroborating, verifying, or even simply determining the authenticity of co-passenger complaints;

f. failing to honor contractual relationships;

g. failing to treat a black, Nigerian African the same way as white speaking passengers; and

h. failing to reasonably avoid harm to passengers.

**4. *Intentional Infliction of Emotional Distress***

Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as if fully set forth herein.

The actions of Defendant and its employees and agents in removing Plaintiff from a contracted flight for being black, Nigerian, and African, is arbitrary and capricious. Defendant's decision to refuse Plaintiff passage after boarding its aircraft was solely because of her race and her nationality.

Defendant UNITED AIRLINES, INC., intentionally and/or recklessly mistreated plaintiff and caused Plaintiff to suffer major depression. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

VII.

**PUNITIVE DAMAGES**

Plaintiff suffered nasty, discriminatory and racially charged conduct by Defendant. Defendant acted intentionally, purposefully, and maliciously in discriminating against Plaintiff because of race. Plaintiff was singled out as persons not wanted on the aircraft because of race and color. Defendant's action caused Plaintiff unbearable humiliation, embarrassment and mental and emotional anguish.

Defendant's acts were oppressive, despicable, and in conscious disregard of the civil

rights of Plaintiff thereby warranting an award for punitive damages against Defendant to punish and make an example of them.

VIII.

**ATTORNEY'S FEES**

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this, as the Court deems equitable and just, as provided by 42 U.S.C. § 1988(b).

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues, claims, actions and defenses in this case.

**PRAYER**

Wherefore, Plaintiff requests that defendant be summoned to appear and answer and that on final trial, judgment be granted against defendant, awarding Plaintiff the following:

a. Actual damages,

b. Compensatory damages including damages for emotional distress and humiliation,

c. Punitive damages,

d. Pre and post judgment interest, in the maximum amount allowed by law,

e. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff as stated in 42 U.S.C. § 1988,

f. All reasonable and necessary costs incurred in pursuit of this suit, and

g. Such other and further legal and equitable relief to which plaintiff may be justly entitled.

h. Exemplary damages in an amount commensurate with defendant's ability and so as to defer future malicious, reckless and or intentional conduct

Respectfully submitted,

ODUNZE NWOGU LAW GROUP, P.C.

By: */s/ Nwadi Nwogu*

Nwadi Nwogu
Texas Bar. No. 24074826
Southern District ID No. 1125432
Nwadi@onlawgroup.com
Meka Odunze
Texas Bar No. 24004844
Southern district ID No. 23127
Meka.Odunze@onlawgroup.com
6000 Savoy Drive, Suite 302
Houston, Texas 77036
Tel: (713) 334-8080
Fax: (713) 334-3533

ATTORNEYS FOR PLAINTIFF